PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. WARD, | ) | |
| | ) | CASE NO.  4:20CV448 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| ANDREW C. CORY, *et al.,* | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF No. 1] |
| Defendants. | ) | |
| | ) | |

Plaintiff Michael Ward is a federal prisoner presently incarcerated at FCI Elkton, but his

complaint against Defendants Andrew Cory and Employer's Consortium, Inc. (collectively

"Defendants") is unrelated to his conviction or imprisonment.  *See* ECF No. 1.  Rather, Plaintiff

asks the Court to vacate a default judgment obtained against him by Defendants in a lawsuit in

Cook County, Illinois.

For the reasons that follow, this action is dismissed.

## I. Background

In his brief Complaint, Plaintiff alleges Defendants, citizens of Illinois, filed a lawsuit

against him in Cook County, Illinois on April 23, 2015, Case No. 15L2723 ("Illinois Lawsuit").

ECF No. 1 at PageID #: 2.  Plaintiff alleges that he responded to the Illinois Lawsuit in May,

2015, but did not receive any further notices regarding the Illinois Lawsuit and later learned that

default judgment had been entered against him for the sum of $1,796,431.08.  *Id.*  Plaintiff states

that in August 2019, he filed a motion to set aside the default judgment but the motion was

stricken from the docket.  *Id*. at PageID #: 3.

(4:20CV448)

In the instant action, Plaintiff alleges that the Illinois Lawsuit was filed beyond the statute

of limitations for fraud in Illinois and that Defendant Cory submitted a false affidavit and

deliberately misled the court in the Illinois Lawsuit.  *Id.*  He further contends that Cory

committed mail fraud under 18 U.S.C. § 1341 because Cory's allegedly false affidavit was

mailed.  *Id.*  For relief, Plaintiff seeks to vacate the judgment entered in the Illinois Lawsuit and

award him damages in an amount to be determined.  *Id.*

## II.  Standard of Review

*Pro se* pleadings are liberally construed by the Court.  *Boag v. MacDougall*, 454 U.S.

364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Notwithstanding, the

district court is required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis*

complaints and to dismiss before service any such complaint that the Court determines is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief.  *See Hill v. Lappin*, 630 F.3d 468, 470

(6th Cir. 2010).  Additionally, "[i]f the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  While some latitude

must be extended to *pro se* plaintiffs with respect to their pleadings, the Court is not required to

conjure unpleaded facts or construct claims on behalf of a *pro se* plaintiff.  *See Grinter v. Knight*,

532 F.3d 567, 577 (6th Cir. 2008) (citation omitted).

## III.  Discussion

Plaintiff lacks standing to assert a claim pursuant to 18 U.S.C. § 1341, and the Court

lacks jurisdiction over Plaintiff's claims concerning the Illinois Lawsuit.

(4:20CV448)

The relief Plaintiff seeks with respect to the Illinois Lawsuit – vacating the judgment – effectively constitutes an appeal of that judgment and the Court lacks the authority to entertain such an appeal pursuant to the *Rooker-Feldman* doctrine.  *See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 483 (1983)*; *Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923)*.  The *Rooker-Feldman* doctrine bars the Court from considering "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic. Indus. Corp., 544 U.S. 280, 284 (2005)*.  "If the source of the the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction."  *McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)*.  In the case at bar, the source of Plaintiff's injury is the state court's default judgment.  *See Johnson v. Howe, No. 3:19CV2088, 2019 WL 6683166, at *2 (N.D. Ohio Dec. 6, 2019)* (finding that the *Rooker-Feldman* doctrine applied when plaintiff was seeking to vacate a state court judgment).  Federal appellate review of state court judgments can only occur in the United States Supreme Court.  *See Feldman, 460 U.S. at 483*; *Rooker, 263 U.S. at 415-16*; *see also Johnson v. Ohio Supreme Court, 156 F. App'x 779, 781 (6th Cir. 2005)* ("Federal jurisdiction over appeals from state courts is vested exclusively in the United States Supreme Court by 28 U.S.C. § 1257.").  Accordingly, the Court lacks jurisdiction over Plaintiff's claims concerning the Illinois Lawsuit and those claims are dismissed pursuant to Fed. R. Civ. P. 12(h)(3).  *See Howe, 2019 WL 6683166, at *3* (dismissing claims barred by the *Rooker-Feldman* doctrine pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction).

3

(4:20CV448)

To the extent that Plaintiff is asserting a mail fraud claim pursuant to 18 U.S.C. § 1341, he lacks standing to do so. Title 18 contains provisions of the United States criminal code. Section 1341 does not provide for a private right of action. *See Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1178-79 (6th Cir. 1979). As a private citizen, Plaintiff may not bring a civil claim to enforce the federal criminal code. *See Abner v. Gen. Motors*, 103 F. App'x 563, 566 (6th Cir. 2004) ("Abner's attempt to invoke 18 U.S.C. § 241 fails because that statute does not provide a civil action for damages, and Abner cannot initiate a federal criminal prosecution."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("The district court ... properly concluded that Saro possessed no private right of action against Brown for alleged violations of 18 U .S.C. §§ 1341 & 1343."). Because Plaintiff lacks standing to maintain a civil action under 18 U.S.C. § 1341, he fails to state a claim upon which relief may be granted and that claim is dismissed pursuant to § 1915(e)(2)(B).

## IV. Conclusion

For all of the foregoing reasons, this action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


   May 29, 2020                           */s/ Benita Y. Pearson*       
Date                                      Benita Y. Pearson
                                        United States District Judge